IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| GINA PORTER, | § | |
|---|---|---|
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 6:14-cv-817 |
| | § | |
| COMMISSIONER, SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
| *Defendant*. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Gina Porter initiated this civil action pursuant to Social Security Act, Section 205(g) for judicial review of the Commissioner's denial of Plaintiff's application for Social Security benefits. The case was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation concluding that the decision of the Commissioner should be affirmed and the action dismissed with prejudice. Doc. No. 26.

The Report and Recommendation of the Magistrate Judge, which contains his findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. Plaintiff has filed an objection to the Report and Recommendation. Doc. No. 27. Specifically, Plaintiff objects to three findings within Judge Love's Report.

First, Plaintiff argues that the Magistrate Judge "erred in failing to address the ALJ's erroneous finding that Mrs. Porter did not 'indicate she had discontinued the use of drugs for any period of time,' and therefore she cannot be found unable to perform any type of work-related activity absent drug/alcohol abuse." Doc. No 27 at 1. Essentially, Plaintiff objects to the Magistrate Judge's analysis based on the fact that he did not discuss portions of the record that the Plaintiff believes to be critical. However, it was not necessary for the Magistrate Judge to analyze each and every sentence of the ALJ's decision. Instead, it is the Court's responsibility to

determine whether the ALJ followed the proper legal standards and whether the decision is supported by sufficient evidence; as discussed in the Report and Recommendation, the Court may not delve into judicial review beyond that extent. Doc. No. 26 at 2.

In Plaintiff's objections, she argues that the ALJ did not follow SSR 13-2p, which deals with cases involving "Drug Addiction and Alcoholism" (DDA). Plaintiff argues that the ALJ did not properly assess the DDA under SSR 13-2p and therefore this Court should find that the ALJ (and therefore the Magistrate Judge) erred. Doc. No. 27 at 1–4.  Notably, Plaintiff did not make this argument in her previous briefing. Because Plaintiff brings this argument before the Court for the first time at the objection stage, the Court declines to accept it as a legitimate basis for sustaining her objections. However, even if the Court were to consider Plaintiff's SSR 13-2p argument, her argument fails because that rule states the following with regard to credibility determinations:

> We do not have special rules for evaluating a claimant's credibility in cases involving DDA. Adjudicators must not presume that all claimants with DDA are inherently less credible than other claimants. We will apply our policy in SSR 96-7p and our regulations as in any other case, considering the facts of each case. In addition, adjudicators must consider a claimant's co-occurring mental disorder(s) when they evaluate the credibility of the claimant's allegations.

SSR 13-2p at 14. The Magistrate Judge evaluated the ALJ's credibility determination under SSR 97-6p and found that the ALJ followed the proper legal standards and that there was substantial evidence to support the ALJ's decision. The law of the Fifth Circuit requires that the Magistrate Judge's judicial review end there.

Further, Plaintiff argued that the Magistrate Judge erred because he "completely failed to address" Plaintiff's argument regarding her testimony that she had not used drugs since before her incarceration. Doc. No. 27 at 4. Despite the fact that the Magistrate Judge did not specifically address that particular point—presumably due to the fact he had already more than adequately

substantiated his decision—the Court finds that the Magistrate Judge's review of the ALJ's credibility determination was proper. This Court agrees with the Magistrate Judge that the ALJ followed the proper legal standards and that there was substantial evidence to support the ALJ's credibility determination. Therefore, the Court overrules Plaintiff's first objection.

Second, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ's RFC finding was not erroneous. Doc. No. 27 at 5. Third, Plaintiff objects to the Magistrate Judge's finding in step five of the disability analysis. *Id.* She argues that because the Magistrate Judge's conclusion with respect to Plaintiff's credibility was in error, the RFC and step five findings are erroneous as well. *Id.* The Magistrate Judge found that Plaintiff's arguments on these matters were "entirely premised on alleged error in the ALJ's credibility finding of Plaintiff" and that because the ALJ followed the proper legal standards and the credibility determination was supported by substantial evidence, the Plaintiff's arguments as to the ALJ's RFC and step five findings also failed. Doc. No. 26 at 9–10. Because the Court agrees with the Magistrate Judge's findings with respect to Plaintiff's credibility determination, it also agrees with the Magistrate Judge regarding the RFC and step five findings. Therefore, the Court overrules Plaintiff's second and third objections.

Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly **ORDERED** that the decision of the Commissioner is **AFFIRMED** and the complaint is hereby **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that any motion not previously ruled on is **DENIED**.

 **SIGNED this 5th day of February, 2016.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE